1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   OLGA VELAZQUEZ,                          Case No. 2:25-cv-00246-CSK

12                  Plaintiff,

13         v.                                 PRETRIAL SCHEDULING ORDER AND
                                              ORDER DISMISSING DOE DEFENDANTS
14   NISSAN NORTH AMERICA, INC., et
     al.,
15
                  Defendants.
16

17         READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT

18   THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND

19   PARTIES, INCLUDING THOSE PROCEEDING WITHOUT COUNSEL, MUST COMPLY.

20   FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE

21   IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS.

22         On July 29, 2025, the Court conducted a status (initial pretrial scheduling)

23   conference in this matter.[1] At the scheduling conference, attorney Danja Stocca

24   appeared on behalf of Plaintiff Olga Velazquez, and attorney Theodore Lee appeared on

25   _____

26   [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the
     consent of all parties. (ECF Nos. 4, 7, 8.) On July 17, 2025, Defendant filed a request to
     appear remotely for the status conference based on Defendant's counsel's "busy
27   calendar" and to avoid "significant cost and time associated with traveling from Orange
     County to Sacramento." (ECF No. 17.) On July 22, 2025, the Court denied Defendant's
28   request for failure to establish good cause. (ECF No. 19.)

                                           1

1    behalf of Defendant Nissan North America, Inc. After considering the parties' joint status
2    report (ECF No. 15) and the scheduling conference held, the Court issues the following
3    pretrial scheduling order.

4    **I.     NATURE OF THE CASE**

5         On November 12, 2024, this case was initially filed in Sacramento County
6    Superior Court. (ECF No. 1-1). On January 17, 2025, Defendant removed the
7    action to federal court on the basis of diversity jurisdiction. (ECF No. 1.) The Complaint
8    alleges claims pursuant to the California Song-Beverly Act ("Act") based on a written
9    warranty issued by Defendant in connection with a vehicle purchased by Plaintiff. (ECF
10   No. 1-1 ¶ 4.) Plaintiff is seeking damages, attorneys' fees, costs, and expenses under
11   the Act. (ECF No. 1-1 at 11.)

12   **II.    SERVICE OF PROCESS, JOINDER OF PARTIES, PLEADINGS AMENDMENT**

13        All named Defendants have been served and have answered the Complaint.
14   (ECF No. 15 at 2.) No further service, joinder of parties, or amendments to pleadings is
15   permitted except with leave of Court, and only after good cause is shown.

16        The Court notes ten (10) Doe Defendants are named in the Complaint. (See ECF
17   No. 1-1.) The inclusion of such "Doe" defendants is generally disfavored in the Ninth
18   Circuit. *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (citing *Gillespie v.*
19   *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). In addition, at the scheduling conference,
20   Plaintiff confirmed dismissal of Defendants Does 1-10 was appropriate. (*See* ECF No. 15
21   at 3.) The Doe Defendants are hereby DISMISSED from this case, and should Plaintiff
22   wish to amend to add additional named defendants after discovering their identities,
23   Plaintiff may file a motion to amend and submit this motion for the Court's review. No
24   further service, joinder of parties, or amendments to pleadings is permitted except with
25   leave of Court, and only after good cause is shown.

26   **III.   JURISDICTION/VENUE**

27        The parties assert that the Court has diversity jurisdiction (ECF No. 15 at 2),
28   which is found to be proper. Venue is proper and undisputed. (*Id.*)

IV.     **DISCOVERY DEADLINES AND PROCEDURES FOR DISCOVERY DISPUTES**

A.     **Initial Disclosures**

The parties agreed to exchange Rule 26 Initial Disclosures within fourteen (14) days, which is on or before August 12, 2025. (ECF No. 15 at 7.)

B.     **Joint Mid-Discovery and Mediation Status Statement**

By **October 17, 2025**, all parties shall file with the Court a Joint Mid-Discovery and Mediation Status Statement summarizing the current status of discovery and mediation efforts. This statement shall include discovery completed to date and identification of issues, if any, preventing discovery from proceeding in a timely manner. The filing of this statement shall not relieve the parties or counsel of their obligations to meet and confer, comply with the deadlines set by the Court, and comply with the discovery procedures set by the Court.

C.     **Non-Expert Discovery**

All non-expert discovery shall be completed by **January 6, 2026**. "Completed" means (1) all non-expert discovery shall have been conducted, including written discovery and depositions taken, and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure, this Court's Local Rules,[2] including Local Rule 251, and Judge Kim's Civil Standing Orders.[3] Judge Kim hears civil motions on Tuesdays at 10:00 a.m.

D.     **Expert Discovery**

The parties shall disclose any expert witnesses in accordance with Federal Rule

---

[2] The Local Rules of the United States District Court for the Eastern District of California are available on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

[3] Judge Kim's Civil Standing Orders are available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/.

of Civil Procedure 26(a)(2) no later than **January 27, 2026**. Any rebuttal expert disclosures shall be made in accordance with Fed. R. Civ. P. 26(a)(2) no later than **February 10, 2026**. Expert disclosures shall be served upon all parties. All expert discovery shall be completed by **February 24, 2026**. "Completed" means (1) all expert discovery shall have been conducted, including depositions taken, and (2) any disputes related to expert discovery shall have been resolved by appropriate court order if necessary and, where discovery has been ordered, the order has been complied with. The same procedures for discovery disputes applies to non-expert and expert discovery.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the expert witness demonstrates that the failure was substantially justified or is harmless. *See* Fed. R. Civ. P. 37(c). Upon discovery of any such expert witness, the party offering the late disclosed expert witness must promptly notify all parties in writing, promptly make the expert witness available for deposition, and promptly notify the Court in a written filling. This filing must include the case deadlines for expert disclosures, expert discovery cut-off, dispositive motions, final pretrial conference, and trial. Failure to timely provide the information required by Fed. R. Civ. P. 26(a)(2) may lead to preclusion of the expert's testimony or other appropriate sanctions. See Fed. R. Civ. P. 37(c).

### E.    Discovery Disputes

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without Court intervention. Such meet and confer shall take place in person, by telephone, or by video. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were taken, including when and where such discussions took place, who participated, how the parties' disputes were narrowed as a result of such discussions; and (b) a summary of discovery completed to date. Failure to comply with these requirements may result in

1  summary denial of any discovery motion.

2  The Court strongly encourages the use of informal telephonic discovery

3  conferences with the Court in lieu of formal discovery motion practice. The procedures

4  and conditions for requesting and conducting such an informal telephonic discovery

5  conference are set forth in Judge Kim's Civil Standing Orders. In addition, and subject to

6  availability, the Court will rule on disputes encountered during oral depositions. If a

7  dispute arises during the deposition, the parties may contact Judge Kim's Courtroom

8  Deputy at (916) 930-4187 to inquire regarding Judge Kim's availability. However, the

9  parties are cautioned that these informal procedures are not to be abused, and the Court

10  may impose appropriate sanctions.

11  **V.    MOTIONS**

12  All pretrial law and motion, including motions for summary judgment under Fed.

13  R. Civ. P. 56, shall be <u>filed</u> by **March 10, 2026** and <u>heard</u> by **April 14, 2026**.[4]

14  Dispositive motions must be filed following the procedures of Local Rules 230 and

15  260, and Judge Kim's Civil Standing Orders. Counsel and parties proceeding without

16  counsel should pay particular attention to the rules for Statements of Undisputed Facts

17  for motions for summary judgment, cross motions for summary judgment, and general

18  brief requirements in the Local Rules and Judge Kim's Civil Standing Orders. If both

19  Plaintiff and Defendant intend to file motions for summary judgment, the parties must

20  follow the schedule and requirements set out in Judge Kim's Civil Standing Orders for

21  cross motions for summary judgment. Judge Kim generally hears civil motions on

22  Tuesdays at 10:00 a.m. This paragraph does <u>not</u> apply to motions for continuances,

23  motions in limine related to trial, temporary restraining orders, or other emergency

24  applications, for which the Court may set a special briefing schedule, if necessary or

25  appropriate.

26  _____

27  [4]    Pursuant to Local Rule 230(b), a motion set for hearing on **April 14, 2026** must be filed by **March 10, 2026**, which is 35 days before the hearing date. Please note that

28  Judge Kim has a separate schedule for cross motions for summary judgment, which is set out in her Civil Standing Orders.

1   All purely legal issues are to be resolved by timely pretrial motion. The purpose of

2   law and motion is to narrow and refine the legal issues raised by the case, as well as to

3   dispose of those issues that can be resolved by pretrial motion. Motions in limine should

4   address trial-related issues, such as the admissibility of evidence. The Court will look

5   with disfavor upon dispositive motions or other substantive legal motions presented as

6   motions in limine at the time of trial.

7   **VI.    SETTLEMENT CONFERENCE**

8   The parties indicate they will explore private mediation. (ECF No. 15 at 8.) If the

9   parties want to conduct a settlement conference with a magistrate judge, they are to

10  contact the undersigned's courtroom deputy at (916) 930-4187 or

11  awaldrop@caed.uscourts.gov, to inquire as to the availability of another magistrate

12  judge for a settlement conference. Parties should communicate the specific time frame

13  when they would like the settlement conference held.

14  **VII.   FINAL PRETRIAL CONFERENCE AND TRIAL**

15  The final pretrial conference is set for **June 10, 2026** at 10:00 a.m. and trial is set

16  for **July 20, 2026** at 9:30 a.m. in Courtroom No. 25 before United States Magistrate

17  Judge Chi Soo Kim. Trial counsel must appear at the final pretrial conference. At the

18  final pretrial conference, the Court will set the deadlines for other trial-related deadlines,

19  including the submission of exhibits.

20  **A.    Meet and Confer**

21  At least 28 days before the final Pretrial Conference, lead counsel who will try the

22  case shall meet and confer with respect to the following subjects: (1) settlement of the

23  case; (2) preparation of the joint pretrial filings; and (3) clarifying and narrowing the

24  contested issues for trial. Counsel in close geographical proximity are encouraged to

25  meet in person.

26  **B.    Joint Pretrial Statement**

27  The parties shall file a **joint** pretrial statement pursuant to Local Rule 281(a)(2).

28  The joint pretrial statement must be filed no later than twenty-one (21) days before the

6

date set for the final pretrial conference and must also be emailed as a Word document to CSKorders@caed.uscourts.gov. **Separate pretrial statements are not permitted unless a party is not represented by counsel**.

The pretrial statement must cover all topics identified in Local Rule 281 with the following additions and clarifications:

1. <u>Statement of the Case</u>:  A concise, <u>joint</u> statement of the case must be included.

2. <u>Trial Length Estimate</u>:  An estimate of the length of trial must also be included. Unless otherwise ordered, trial hours will be from 9:30 a.m. to 4:30 p.m., Monday through Friday.

3. <u>Procedural Status</u>:  A concise summary of the procedural status of the case must be included, including the disposition of any motions and whether any motions are still pending.

4. <u>Factual Issues</u>:  The undisputed facts and disputed factual issues shall be set forth in separate sections of the pretrial statement. Each fact or factual issue should be numbered. For disputed factual issues, identify the cause of action or defense to which the factual issue is related.

5. <u>Points of Law</u>:  In the points of law section of the pretrial statement, include the elements for each cause of action and each defense, with citation to the relevant legal authority.

6. <u>Motions In Limine</u>:  The parties shall also identify the motions in limine each party reasonably anticipates filing.

7. <u>Witness Lists</u>:  Each party's witness list must be submitted as a separate attachment to the pretrial statement, and labeled as such. The witness list must include the witness's name; the witness's title or position; whether the testimony is offered in-person or by deposition; whether the witness is designated as an expert; and a concise statement of the anticipated subjects of testimony. Pursuant to Local Rule 281, only individuals on the

7

witness list submitted with the pretrial statement will be permitted to testify at trial, except as may be otherwise provided in the pretrial order. The witness's address does not need to be included.

8.  Exhibit Lists:  Each party's exhibit list must be submitted as a separate attachment to the pretrial statement, and labeled as such. Plaintiff's exhibits shall be listed numerically; Defendant's exhibits shall be listed alphabetically. **All exhibits must be individually identified with specificity**, including a reasonable amount of detail such that other parties can identify each exhibit, including exhibit name/title, document/file date, bates numbers, and a concise description of the exhibit. **Groups or categories of documents/records may <u>not</u> be listed as a single exhibit** (e.g., it is improper to list "Initial Disclosure Documents," "Cell phone records," etc. as a single exhibit). Pursuant to Local Rule 281, only exhibits on the exhibit list submitted with the pretrial statement will be permitted to be offered at trial, except as may be otherwise provided in the pretrial order. The parties are instructed to refer to and follow the Court's Jury Trial Procedures available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/. This document includes important instructions and requirements for exhibit lists.

9.  Further Discovery or Motions:  Inclusion of a section regarding further discovery or motions in the pretrial statement pursuant to Local Rule 218(b)(13) will not be interpreted as a motion to request further discovery, a request to modify the scheduling order or any other order issued for this case, or as an actual motion or request. The parties must continue to follow the scheduling order(s) for this case, the Local Rules, and the Court's standing orders to request further discovery or a modification of the scheduling order(s).

8

1

### C.    Motions In Limine

Motions in limine shall be filed by the close of business fourteen (14) days before the date set for the final pretrial conference. Any opposition shall be filed by the close of business seven (7) days before the date set for the final pretrial conference. No replies shall be filed.

Briefing for motions in limine shall be limited to 25 pages total for each side. Each motion in limine should be numbered and clearly identified. For example, "Plaintiffs' Motion in Limine No. 1 Re: [subject]." The brief shall include a table of contents at the beginning that lists each motion in limine and the page number on which the motion begins.

Briefing for oppositions/ responses to motions in limine shall also be limited to 25 pages total for each side. Each opposition/ response should be numbered and clearly identified. For example, "Defendants' Opposition to Plaintiffs' Motion in Limine No. 1 Re: [subject]." The brief shall also include a table of contents at the beginning that lists each motion in limine opposition/ response and the page number on which the opposition/ response begins.

The parties should be prepared to argue their motions in limine at the final pretrial conference. The Court will endeavor to rule on motions in limine before trial begins to assist the parties in their trial preparations.

### D.    Proposed Voir Dire, Jury Instructions, and Verdict Forms

The parties must file proposed voir dire questions, proposed <u>joint</u> jury instructions, and proposed <u>joint</u> verdict forms by the close of business fourteen (14) days before the date set for the final pretrial conference. The parties must also email these filings as Word documents to CSKorders@caed.uscourts.gov. The parties should be prepared to address the proposed voir dire questions, jury instructions, and verdict forms at the final pretrial conference. **The parties are instructed to refer to and follow the Court's Jury Trial Procedures** available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-

1  magistrate-judge-chi-soo-kim-csk/. This document includes important instructions and
2  requirements for the submission of joint proposed joint jury instructions.

3          *Proposed voir dire questions, jury instructions, and verdict forms should not be
4  submitted in cases tried to the bench.

5          **E.     Trial Briefs**

6          Parties are not required to file trial briefs. If a party chooses to file a trial brief, it
7  shall not be longer than five pages and shall be filed no later than by the close of
8  business fourteen (14) days before the date set for the final pretrial conference. Trial
9  briefs shall not duplicate the contents of the joint pretrial statement and proposed order.

10         **F.     Courtesy Copies**

11         Two binders containing courtesy copies of the Joint Pretrial Statement, witness
12  lists, exhibit lists, proposed voir dire questions, proposed joint jury instructions, proposed
13  joint verdict forms, motions in limine, and optional trial briefs must be delivered to the
14  Clerk's office by noon thirteen (13) days before the date set for the final pretrial
15  conference. This is the day after the filing deadline for the proposed voir dire questions,
16  proposed jury instructions, proposed verdict forms, motions in limine, and optional trial
17  briefs. *Parties should coordinate so that only two courtesy copies are submitted, rather*
18  *than submitting separate courtesy copies from each party*. Parties do not need to provide
19  courtesy copies of the motion in limine oppositions.

20         All courtesy copies must be double-sided, three-hole punched at the left margin,
21  and marked with the ECF stamp (case number, document number, date, and page
22  number) on the top of each page. These binders shall include labeled side tabs, and be
23  clearly marked "Chambers Copy – Do Not File" with Judge Kim's name, the case
24  number, and the case name.

25         **G.     Trial**

26         A jury trial is set for **July 20, 2026** at 9:30 a.m., in Courtroom No. 25. The parties
27  estimate 3-4 days for trial. (ECF No. 15 at 7.)

28  / / /

## VIII.   SCHEDULE SUMMARY

| Event | Deadline Ordered |
|---|---|
| Initial Disclosures Due By | **August 12, 2025** |
| Joint Mid-Discovery and Mediation Status Statement Filed By | **October 17, 2025** |
| Non-Expert Discovery Completion | **January 6, 2026** |
| Expert Disclosures Due By | **January 27, 2026** |
| Rebuttal Expert Disclosures Due By | **February 10, 2026** |
| Expert Discovery Completion | **February 24, 2026** |
| Dispositive Motions Filed By[5] | **March 10, 2026** |
| Dispositive Motions Heard By | **April 14, 2026** |
| Joint Pretrial Statement Due By | 21 days before the FPTC |
| Motions In Limine Filed By | 14 days before the FPTC |
| Final Pretrial Conference and Motions In Limine Hearing | **June 10, 2026** at 10:00 a.m., Courtroom 25 |
| Jury Trial (3-4 days) | **July 20, 2026** at 9:30 a.m., Courtroom 25 |

## IX.   MODIFICATIONS OF THIS SCHEDULING ORDER

This case schedule will become final without further order of the Court unless written objections are filed within fourteen (14) days of the entry of this order. The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of Court upon a showing of "good cause." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause. Requests or stipulations to continue dispositive motion deadlines, the final pretrial conference, or trial dates must establish good cause and are not granted lightly.

---

[5]   At the scheduling conference, Plaintiff indicated she did not anticipate filing a dispositive motion. As a result, the deadlines for cross-motions for summary judgment is not included above. If both Plaintiff and Defendant intend to file motions for summary judgment, the parties must follow the schedule set out in Judge Kim's Civil Standing Orders for cross-motions for summary judgment.

1         Any request or stipulation to modify this scheduling order must set forth the

2  following:

3    1.  the existing due date or hearing date as well as the discovery cutoff date, the last

4        date for hearing motions, the final pretrial conference date, and the trial date;

5    2.  whether there have been prior requests for extensions, and whether these were

6        granted or denied by the Court; and

7    3.  specific, concrete reasons supporting good cause for granting the extension. For

8        example, if the reason for the requested extension is that it "will promote

9        settlement," the requesting party or parties must indicate the status of negotiation

10       effors (e.g., whether a mediator has been selected, a mediation has been

11       scheduled, etc.).

12

13  Dated:  July 30, 2025

14                                CHI SOO KIM

15                                UNITED STATES MAGISTRATE JUDGE

16  4, vela0246.25

17

18

19

20

21

22

23

24

25

26

27

28